IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY LEE GLENN,

      Plaintiff,                    No. CIV S-06-151 FCD KJM P

      vs.

JONATHAN S. COLE,

      Defendant.                ORDER

                                  /

          Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. The sole defendant is Jonathan S. Cole, who on June 26, 2007, executed and returned a waiver of service (see docket no. 20). The court has since issued two show cause orders requiring defendant Cole to state why his failure to respond to the complaint should not result in the entry of default against him (see docket nos. 23 and 28). The defendant has not answered either of these orders. On May 11, 2009, the plaintiff moved for the entry of a default order and for the appointment of counsel.

                  "When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Because the defendant has not responded to the

/////

1

1  complaint, entry of default is appropriate in this case.  The court will therefore order the clerk to
2  enter a default against the defendant.

3  Plaintiff has also requested the appointment of counsel.  The United States
4  Supreme Court has ruled that district courts lack authority to require counsel to represent
5  indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298
6  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
7  counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.
8  1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
9  court does not find the required exceptional circumstances.  Plaintiff's request for the
10 appointment of counsel will therefore be denied.

11 Accordingly, IT IS HEREBY ORDERED that:

12 1.  The motion to enter a default order (docket no. 31) is granted.  The Clerk of
13 the Court is directed to enter a default against the defendant, Jonathan S. Cole;

14 2.  The motion to appoint counsel (docket no. 31) is denied; and

15 3.  The Clerk of the Court is directed to serve a copy of this order on Monica
16 Anderson, Supervising Deputy Attorney General.

17 DATED: July 13, 2009.

18 _____
19 U.S. MAGISTRATE JUDGE

23 4
   glen0151.default