IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY LEE GLENN,

      Plaintiff,                     No. CIV S-06-0151 FCD KJM P

    vs.

JONATHAN COLE,

      Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Now before the court is plaintiff's motion for a judgment of default against defendant Cole.

        On April 16, 2007, the court directed the U.S. Marshal to serve process on defendant Cole. See Docket No. 19. On June 26, 2007, the court received Cole's waiver of service. See Docket No. 20. Since then, neither defendant Cole nor any representative of his has made an appearance in this matter. The court has issued two orders to show cause why a default should not be entered against Cole for his failure to file any pleading responsive to the complaint. See Docket Nos. 23, 28. Cole has answered neither. Plaintiff moved for the entry of default, and

/////

/////

1

the court granted that motion on July 14, 2009. See Docket No. 33. That order also elicited no response from defendant Cole.[1]

The waiver of service Cole signed contains the following statement: "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not filed within the U.S. District Court and served upon plaintiff within 60 days after [May 23], 2007. . . . ."[2] Waiver at 1 (Docket No. 20). In light of Cole's express acknowledgment of his obligation to respond to the complaint and the absence of any answer to two orders to show cause and an entry of default, the question instantly before the court is whether to grant a judgment of default immediately or whether to hold a hearing on plaintiff's motion for default judgment.

Federal Rule of Civil Procedure 55(b)(2) states that a court may hold a hearing on a default judgment when, in order to enter or effectuate judgment, it needs to:

    (A)   conduct an accounting;

    (B)   determine the amount of damages;

    (C)   establish the truth of any allegation or evidence; or

    (D)   investigate any other matter.

"Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. 'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir.1987) (citation omitted). A

---

[1] The second order to show cause and the order directing the Clerk of Court to enter a default were served on Monica Anderson, Supervising Deputy Attorney General. While there is no evidence before the court that defendant Cole has obtained the representation of the Attorney General in defending this lawsuit, in the overwhelming majority of cases brought in this court by state prisoners against correctional officers, a defendant, once served, is represented by the Attorney General's office.

[2] The waiver on file shows that someone crossed out the typed date "April 25" and replaced it with "May 23." Although it is not clear who made the correction, it is clear that the time for defendant Cole to file a responsive pleading has long since expired.

court may exceed the requirements of the rule by receiving evidence on some or all of the allegations in the complaint, in addition to receiving evidence on damages. Id. at 918. "The hearing is not considered a trial, but is in the nature of an inquiry before a judge. ... [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability." Wright, Miller and Kane, 10A Fed.Prac. & Proc. Civ. § 2688 (3d ed.).

Plaintiff's complaint alleges that Cole gave other inmates copies of plaintiff's CDC 114d order, which authorized placing plaintiff in the administrative segregation unit at High Desert State Prison. The complaint and its exhibits are not clear about the specific contents of the CDC114d order, but it is clear that the order stated the reason for plaintiff's housing assignment. According to the complaint, that reason, once known to other inmates, created a threat to plaintiff's safety.[3]

Because Cole has defaulted, the allegations of the complaint are now taken by the court to be true. See Elektra Entertainment Group, Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D.Cal.2005). However, the court must also determine whether the allegations are sufficient to establish liability and justify the imposition of damages. Id. In some circumstances, a prison official may create a serious risk of irreparable harm, and thus violate the Eighth Amendment, by giving other inmates reason to believe that a particular inmate is a jailhouse "snitch." See, e.g., Threatt v. Arredia, 2008 WL 4376412 at *3 (W.D.Mich.). However, in order to recover under § 1983, a plaintiff must show that he has actually been threatened, assaulted or otherwise suffered some actual, detrimental effect as the result of a negative rumor spread by a correctional officer. See Vanlandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). This court has distinguished between specific allegations that the prisoner had been threatened or assaulted as a

---

[3] The complaint is somewhat specific about who posed a threat to plaintiff, alleging that Cole gave the 114d order to "a Compton crip" and that Cole "tried to have me killed by my ex home boys by giving them my lock up paper as to show them why I was placed in ad-seg...." Complaint at 3 (Docket No. 1). On one of plaintiff's administrative grievance forms, he complained that, as a result of Cole's actions, "I have been labeled as a no good snitch." Id. at 6.

result of such a rumor and vague averments that the rumor was spread as retaliation by a prison officer but without any threatening effect. See Adams v. Tilton, 2009 WL 2915100 at *13 (E.D.Cal.). Only the former kind of allegation states a claim on which relief can be granted.

Therefore, exercising its discretion under Rule 55, the court will hold a hearing by video conference to adduce evidence on the complaint's core allegation that defendant Cole disclosed information about plaintiff to other inmates, which in turn put plaintiff in serious danger of retaliation or attack by other inmates. At the hearing, the court will conduct an inquiry into the contents of the CDC 114d order, the circumstances surrounding Cole's alleged disclosure of the order, and the extent and nature of the actual threats to plaintiff's safety, if any, that resulted from that disclosure. Plaintiff may present evidence in the form of his own testimony or documentation relevant to his cause of action; however, plaintiff is advised that his testimony will be primarily in response to questions posed to him by the court and not in the form of his own narrative of events. Production of the CDC 114d order, if possible, is of particular importance. The court will also inquire into damages, so plaintiff should be prepared to answer questions from the court on that issue. Plaintiff may present the court with documentary evidence relevant to damages. Any documentary evidence related to plaintiff's claim, including the CDC 114d order, must be submitted no later than twenty-one days before the hearing.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. The court will hear plaintiff's motion for default judgment on April 20, 2010, by video conference at 2:00 p.m.

2. Plaintiff shall submit any documents relevant to his claim, including the CDC 114d order, no later than April 1, 2010.

/////

---

[4] This order constitutes notice to the plaintiff of the matters into which the court will inquire. See Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1 (1st Cir. 2002).

4

3. The Clerk of Court is directed to serve a copy of this order on defendant Jonathan Cole and Monica Anderson, Supervising Deputy Attorney General.

DATED: February 8, 2010.

_____
U.S. MAGISTRATE JUDGE

---
4
glen0151.default