IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY LEE GLENN,

    Plaintiff,                  No. CIV S-06-0151 FCD KJM P

    vs.

JONATHAN COLE,

    Defendant.              FINDINGS AND RECOMMENDATIONS

                                  /

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He has sued defendant Cole, a correctional officer at High Desert State Prison (HDSP), for putting his safety at serious risk by disclosing information to other prisoners that led them to believe correctly that plaintiff is a jailhouse informant.

        On July 14, 2009, the court directed the Clerk of Court to enter a default against Cole for his failure to respond to the complaint.[1] See Docket No. 33. Plaintiff moved for a default judgment, and the court held a hearing on the motion on April 20, 2010. Because of Cole's default, the allegations of the complaint were accepted as true. See Elektra Entertainment Group, Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D.Cal. 2005). Moreover, plaintiff's statements

---

[1] Cole's waiver of service was returned on June 26, 2007. See Docket No. 20.

1   to the court evinced that he had been threatened by other inmates as a result of Cole's actions.
2   The court recommended that the motion for default judgment be granted and damages awarded
3   against defendant Cole.  <u>See</u> Docket No. 46.  This recommendation is pending before the district
4   judge.

5   Plaintiff has now filed two requests that he be transferred back to California State
6   Prison-Sacramento, where he was housed when the court held the hearing and he appeared by
7   videoconference.  Plaintiff states that the California Department of Corrections and Rehabilitation
8   (CDCR) has moved him from CSP-Sacramento to Salinas Valley State Prison and that he is in
9   danger similar to the risk to his safety that he faced at HDSP.  <u>See</u> Docket Nos. 47 and 49.
10  Among other things, he states that the warden at Salinas Valley has suspended him from
11  segregated housing, an assignment prison officials previously had afforded him because residence
12  in the general prison population was unsafe for a known informant.  <u>See</u> Mot. at 2 (Docket No.
13  49).  He claims that officers at Salinas Valley are "trying to force me to program with mainline
14  inmates which is putting my life at risk."  <u>Id</u>. at 1.

15  By seeking a court order of transfer back to CSP-Sacramento, plaintiff effectively
16  moves, at the very least, for a preliminary injunction.  A preliminary injunction represents the
17  exercise of a far reaching power not to be indulged except in a case clearly warranting it.  <u>Dymo</u>
18  <u>Indus. v. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for
19  preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
20  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
21  balance of equities tips in his favor, and that an injunction is in the public interest.'"  <u>Stormans,</u>
22  <u>Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting <u>Winter v. Natural Res. Def.</u>
23  <u>Council, Inc.</u>, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  In cases brought by prisoners
24  involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend
25  no further than necessary to correct the harm the court finds requires preliminary relief, and be the
26  least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

"Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's statements about his safety at Salinas Valley are consistent with his statements at the hearing of April 20, when he explained that, because of inmates' ability to send messages between prisons, he could not completely escape the threat to his safety even after being transferred out of HDSP. However, the instant motions demand a form of relief entirely different from the damages he originally sought from defendant Cole, who is the only defendant in this case. An order by this court that plaintiff be transferred to CSP-Sacramento would entail relief beyond the parameters of this case; there is no defendant joined to the case with the authority to transfer plaintiff back to CSP-Sacramento. The instant case is therefore not the appropriate vehicle for asserting a new claim against new defendants. If plaintiff seeks long-term or permanent relief, he must do so by filing a new action in the federal court of the proper venue,[2] after he has exhausted all administrative remedies available at Salinas Valley.

Therefore, IT IS RECOMMENDED that plaintiff's motions for transfer to CSP-Sacramento (Docket Nos. 47 and 49) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2010.

_____
U.S. MAGISTRATE JUDGE

4 glen0151.ord

---

[2] Salinas Valley State Prison is located within the Northern District of California.